ATTORNEYS FOR APPELLANT
Suzy St. John
Ruth A. Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Nov 29 2016, 11:57 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S05-1611-CR-626

EDUARDO CRUZ-SALAZAR,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G14-1312-FD-81376
The Honorable Kelly Noel Kinkade, Judge Pro Tempore,
The Honorable Jose Salinas, Judge[1]

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1511-CR-1782

**November 29, 2016**

**Massa, Justice.**

---

[1] Cruz-Salazar's motion to suppress was heard and denied by Judge Jose Salinas. Judge Pro Tempore Kelly Kinkade later presided over Cruz-Salazar's bench trial, and convicted and sentenced him.

Eduardo Cruz-Salazar appeals his conviction for Class A misdemeanor possession of cocaine, claiming the warrantless search which led to the discovery of the drugs was improper under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. In this companion decision, issued today with Osborne v. State, No. 29S02-1608-CR-433, -- N.E.3d -- (Ind. Nov. 29. 2016), we find Cruz-Salazar's search permissible, and affirm.

**Facts and Procedural History**

In the early morning hours of December 29, 2013, Marion County police received a report of a suspicious vehicle, a turquoise or blue pickup truck, which had been parked in front of a residence for 30 minutes, while still running. Officer Ayler responded and found the car in the condition it was reported: parked on the curb and running. Officer Ayler shined his spotlight on the vehicle and observed the driver, Cruz-Salazar, who "appeared to be either sleeping or passed out." Tr. at 8. Officer Ayler approached the vehicle and tapped on the driver's side window a couple of times. Cruz-Salazar did not respond, so Officer Ayler "opened the door to check on his welfare. . . . I didn't know why he was asleep, if there was a medical problem. I didn't know why he was passed out in the vehicle." Tr. at 8–9. Officer Ayler roused Cruz-Salazar by shaking him a little, and asked if Cruz-Salazar was okay, and for his identification. Officer Ayler observed that he had watery, bloodshot eyes, and slurred speech. He then asked Cruz-Salazar if he had been drinking and he admitted he had. Officer Ayler had Cruz-Salazar exit the vehicle; he was unsteady on his feet, and the portable breath test registered at 0.184. Officer Ayler tried to call someone to pick Cruz-Salazar up, but no one answered at the number he provided, so Officer Ayler then placed Cruz-Salazar under arrest for public intoxication "for his well being and safety." Tr. at 11–12. A pat-down search incident to arrest revealed cocaine, and Cruz-Salazar was charged with Class D felony possession. Cruz-Salazar moved to suppress the evidence, claiming that as there was no reasonable suspicion of criminal activity or probable cause, the police violated the Fourth Amendment to the Federal Constitution and Article 1, Section 11 of the Indiana Constitution when they opened his car door. The trial court denied the motion, and after a bench trial, convicted

Cruz-Salazar of Class A misdemeanor possession of cocaine, and sentenced him to 365 days incarceration (suspended), and 180 days probation.

Cruz-Salazar appealed, and our Court of Appeals affirmed the search and conviction, finding the officer's opening of Cruz-Salazar's door constitutionally permissible as a reasonable "community caretaking" function. Cruz-Salazar v. State, 61 N.E.3d 272, 277 (Ind. Ct. App. 2016).

We now grant transfer, thereby vacating the Court of Appeals decision.[2] Ind. Appellate Rule 58(A).

**Police's Warrantless Search of Cruz-Salazar Was Constitutionally Permissible.**

In Osborne v. State, No. 29S02-1608-CR-433, -- N.E.3d -- (Ind. Nov. 29. 2016), also issued today, we described in detail the relevant Fourth Amendment and Article 1, Section 11 concerns, and thus we proceed directly to their application here. Police received a report of a stationary vehicle that had been running for 30 minutes, in the early hours of a cold December morning. This alone is sufficiently unusual to merit further investigation, as it could be an indicator of distress. Police arrived on scene to find the situation as reported, and indeed worse: Cruz-Salazar was at the wheel of the vehicle, and was not responsive when Officer Ayler both shined his flashlight through the windows *or* when he tapped on the window. At this point, the officer had an objectively reasonable basis to open the door and check on Cruz-Salazar's well-being. See Michigan v. Fisher, 558 U.S. 45, 49 (2009) (holding the Fourth Amendment permits warrantless search and seizure if police had "an objectively reasonable basis for believing that medical

---

[2] Cruz-Salazar also appealed his conviction on the grounds that police did not have probable cause to arrest him for public intoxication, and thus the search incident to arrest which yielded the cocaine was impermissible. We agree with the Court of Appeals in their treatment of that issue, and summarily affirm that portion of the decision. Ind. Appellate Rule 58(A)(2).

assistance was needed, or persons were in danger.") Accordingly, we find the warrantless entry into Cruz-Salazar's vehicle permissible under the Fourth Amendment to the Federal Constitution and Article 1, Section 11 of the Indiana Constitution.

## Conclusion

For the foregoing reasons, we affirm Cruz-Salazar's conviction for Class A misdemeanor possession of cocaine.

Rush, C.J., and Rucker, David, and Slaughter, JJ., concur.